# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DOUGLAS JORDAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:16-CV-00122 |
| | ) REEVES/SHIRLEY |
| BLOUNT COUNTY, JAMES BROOKS, and SCOTT CARPENTER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Douglas Jordan sues defendants pursuant to 42 U.S.C. § 1983 for violation of his Due Process rights under the Fourteenth Amendment and for common law negligence stemming from alleged destruction of exculpatory evidence in a criminal case brought against him by the Blount County District Attorney's Office in 2002. Because Jordan did not file his complaint within the applicable statute of limitations, this action will be dismissed as to all defendants.

### I. Background

Jordan was convicted of second degree murder in October of 2002. Following denial of his direct appeal, Jordan filed a petition for post-conviction relief. In the post-conviction proceedings, Jordan discovered that Blount County police investigators found a knife during their investigation that was never provided to his criminal defense attorney. Jordan also discovered police investigation documents – one detailing how the knife was

discovered, and a memo dated March 13, 1998, regarding interviews with potential other suspects in the case that were never disclosed.  On January 25, 2011, the Tennessee Court of Criminal Appeals determined that Jordan was entitled to a new trial due to the non-disclosure of the knife and investigative documents.  *Jordan v. State*, 343 S.W.3d 84, 97-100 (Tenn.Ct.App. 2011).  The trial court granted Jordan bond, and he was released from prison in April 2011, pending retrial.  Jordan was retried and acquitted on March 28, 2015.  He filed his original complaint in this action on March 14, 2016.

## II.  Standard of Review

Defendant James Brooks moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990).  The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations.  *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses).  The court must liberally construe the complaint in favor of the party opposing the motion.  *Id.*  However, the complaint must articulate more than a bare assertion of legal conclusions.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988).  "[The] complaint must contain either direct or inferential allegations

2

respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

Defendants Scott Carpenter and Blount County move to dismiss the claims against them under Federal Rule of Civil Procedure 56. Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

### III. Analysis

The issue before the court is whether the statute of limitations began to run on January 25, 2011, when the Tennessee Court of Appeals granted Jordan post-conviction

relief, or when he was acquitted at the second trial on March 28, 2015. Defendants assert that Jordan's lawsuit is barred by the statute of limitations under Sixth Circuit precedent. Jordan argues that other circuits have treated a *Brady*[1] claim as a claim for malicious prosecution, which does not accrue until the prosecution is terminated in the plaintiff's favor, citing decisions from the Seventh, Fourth and Ninth Circuits. Therefore, he argues his March 14, 2016, complaint was timely filed within one year from the date of his acquittal on March 28, 2015. Jordan's argument is unpersuasive in light of clear Sixth Circuit precedent.

The one-year statute of limitations set forth in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992). Although the statute of limitations for § 1983 actions is based on state law, federal law determines when a cause of action accrues and thus, when the statute of limitations period begins. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Typically, a plaintiff's cause of action accrues when the plaintiff discovers that the exculpatory evidence was not disclosed to him. *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014). However, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff may not file a civil action, including a *Brady* claim, if success in the civil action would imply the invalidity of a criminal conviction arising out of the same transaction. *Id.* at 484. Therefore, under *Heck*,

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963) (Suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution).

4

a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and the statute of limitations does not begin to run until such an event occurs. *D'Ambrosio,* 747 F.3d at 384. Relying on the principles of *Heck* and *Wallace*, the Sixth Circuit held that in a wrongful conviction case based on a Brady violation, the statute of limitations does not accrue or begin to run until the underlying conviction is reversed or expunged. *D'Ambrosio* at 388.

Contrary to Jordan's position, *Heck* does not require that the criminal proceedings terminate in his favor before the statute of limitations begins to run on a § 1983 claim based on *Brady*. The Sixth Circuit has rejected Jordan's position holding that the statute of limitations begins to run when the underlying conviction is reversed or vacated, even if the plaintiff is subject to retrial. *D'Ambrosio*, 747 F.3d at 385. The Sixth Circuit explained that what might happen in a subsequent prosecution is immaterial, the claim accrues as soon as the only obstacle to the litigation, the underlying conviction, has been reversed or vacated. *Id.*

Jordan further argues that his conviction had to be vacated consistent with the meaning of the habeas statutes, as a conditional grant of federal habeas relief does not itself invalidate a conviction without further action by the trial court. *See Gentry v. Deuth*, 45 F.3d 687, 692 (6th Cir. 2006). Here, the Tennessee Court of Appeals "reversed" Jordan's original conviction. *See Jordan*, 343 S.W.3d at 101. His conviction was "vacated and set aside" as a matter of law when he was granted post-conviction relief. *See* Tenn. Code Ann. § 40-30-111(a) ("If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable . . . the court shall vacate and set

5

aside the judgment . . ."). Here, the post-conviction proceedings were final and a § 1983 suit could not reach a result in conflict with the state criminal proceedings based on the underlying *Brady* violations.

Thus, the court finds under *Wallace* and *Heck*, that Jordan's cause of action accrued on January 25, 2011, when the Tennessee Court of Appeals reversed his conviction based on *Brady*, and thus resolved the danger of a conflicting ruling between Jordan's criminal proceedings and a § 1983 civil suit on the same underlying *Brady* allegations. The one-year statute of limitations ran on January 25, 2012, and Jordan's complaint filed on March 14, 2016 is time-barred.

Accordingly, defendants' motions to dismiss or for summary judgment [R. 54, 58, 71] are **GRANTED**, and this action is **DISMISSED in its entirety, with prejudice**.

_____
**UNITED STATES DISTRICT JUDGE**